## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **KENNETH MARSHALL AND** | § | |
| **KATHERINE MARSHALL** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **Civil Action No.**  5:20-cv-262 |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY AND AMY** | § | |
| **CLARK KNIGHTON** | § | |
| **Defendants** | § | |

---

### LIBERTY MUTAL INSURANCE COMPANY'S NOTICE OF REMOVAL

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Liberty Mutual Insurance Company (hereinafter referred to as "Liberty") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

#### *Procedural Background*

1.      On January 9, 2020, Plaintiffs Kenneth Marshall and Katherine Marshall filed their Original Petition ("Original Petition") styled Cause No. 2020CI00541; *Kenneth Marshall and Katherine Marshall vs. Liberty Mutual Insurance Company and Amy Clark Knighton*; In the 408th Judicial District Court, Bexar County, Texas.  Liberty was served with citation on January 29, 2020 and filed its Original Answer on February 21, 2020.  On February 24, 2020, pursuant to Texas Insurance Code section 542A.006(a), Liberty served Plaintiffs' counsel with notice that it was electing to accept responsibility for the individually named Defendant Amy Clark Knighton for the act or omissions related to the insurance claim made the basis of the lawsuit. The Court dismissed the individual Defendants with prejudice on March 3, 2020.

### Nature of the Suit

2.      This lawsuit involves a dispute over Liberty's handling of Plaintiffs' insurance claim for damages from a wind/hail storm allegedly sustained by their residential property: 2 Darby Glen, San Antonio, Texas 78257.  Plaintiffs assert causes of action against Liberty for breach of the insurance contract, unfair settlement practices, failure to promptly pay their claim, breach of the duty of good faith and fair dealing, and violations of the Texas Insurance Code.

### Basis for Removal

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### A.  The Amount in Controversy Exceeds $75,000.00.

4.      In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, [. . .] penalties, statutory damages, and punitive damages."[1]  Here, Plaintiffs claim that their property, which Plaintiffs insured through Liberty, sustained storm damage.[2]  Plaintiffs seek damages for Liberty's alleged failure to pay them what was owed under the terms of their insurance contract.[3]  The Policy in effect on the reported date of loss was Texas Homeowner's Policy with coverage limits of $814,600.00 for the dwelling and $610,950.00 for

---

[1] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[2] *See* Exhibit A, Original Petition at ¶9-10.
[3] *See* Exhibit A, Original Petition at ¶11-19.

personal property. In addition, Plaintiffs seek statutory penalties and treble damages under the Texas Insurance Code.[4] Plaintiffs also seek attorney fees for bringing this suit.[5]

5.      Plaintiffs pleads in their Original Petition that they are seeking monetary relief of over "$200,000.00 but not more than $500,000.00."[6] This exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332. Thus, given the Policy limits pertinent to Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

**B.  Complete Diversity Exists Among Remaining Parties**

6.      Upon information and belief, Plaintiffs were citizens of Texas when their Petition was filed and continue to be citizens of Texas.

7.      Liberty Mutual Insurance Company[7] is a company organized under the laws of the State of Massachusetts, with its principal place of business is 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiffs and Liberty, the only remaining parties to the suit.

**C.  While Non-Diverse, the Individual Defendants were Improperly Joined**

8.      While the individual Defendant was non-diverse, she has been dismissed with prejudice. Even if not dismissed, Liberty's election rendered Knighton improperly joined. A removing party can establish federal jurisdiction on the basis of 28 U.S.C. § 1332 by demonstrating that in-state defendants have been "improperly joined."[8] To establish improper joinder, a

---

[4] *See* Exhibit A, Original Petition at ¶Prayer.
[5] *See* Exhibit A, Original Petition at ¶68-70, 72.
[6] *See* Exhibit A, Original Petition at ¶5.
[7] Plaintiffs named an incorrect entity as Defendant; however the proper entity, Liberty Insurance Corporation, is also diverse. Liberty Insurance Corporation is a company organized under the laws of the State of Massachusetts, with its principal place of business is 175 Berkeley Street, Boston, Massachusetts.
[8] *Smallwood v. Illinois Cent. R. Co.* 385 F.3d 568, 573 (5th Cir. 2004).

removing party may show either (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[9] The latter of the two grounds for improper joinder exists here.

9. In assessing the assertion of improper joinder, District Courts may consider whether a party was improperly joined by conducting an analysis of whether there is an arguably reasonable basis for predicting that state law might impose liability on the resident defendants under the facts alleged.[10] A mere theoretical possibility of recovery under local law will not preclude a finding of fraudulent joinder.[11]

10. All of Plaintiffs' allegations against the individual Defendant stem from and flow from the allegation that they inspected Plaintiffs' property and/or prepared estimates for the repair of covered damages.[12] However, Liberty elected responsibility for any liability arising out of any of those alleged acts or omissions. Thus, even if those allegations constituted a viable claim against one or more of the individual Defendants, Liberty's election "is sufficient to show improper joinder on the basis that there is no reasonable basis to predict that the plaintiff might be able to recover against the agent." *Bexar Diversified MF-1, LLC v. Gen. Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *3 (W.D. Tex. Nov. 18, 2019) citing *Flores v. Allstate Vehicle and Property Ins. Co.*, 2018 WL 5695553, at *5 (W.D. Tex. October 31, 2018).[13] Moreover, based on

---

[9] *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003).
[10] *See, Tedder v. F.M.C. Corporation*, 590 F.2d 115, 117 (5th Cir. 1979), *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995). *See also, Fields v. Pool Offshore, Inc.* 182 F.3d 353, 357 (5th Cir. 1999) (claim as to defendant is fraudulent, so as not to prevent removal, where court "determines, after resolving "all disputed questions of fact and any ambiguities in the current controlling substantive law in plaintiff's favor" that there is "no reasonable basis for predicting that the plaintiff might establish liability" "against the defendant.").
[11] *Badon v. RJR Nabisco*, 236 F.3d 282, 286, n. 4 (5th Cir. 2000).
[12] *See* Exhibit A, Original Petition at ¶11-19
[13] *See* Exhibits C and D.

Liberty's election, those Defendants have now been dismissed with prejudice making it impossible for Plaintiffs to recover against those individuals.[14]

### The Removal is Procedurally Correct

11.    Liberty was first served with the Original Petition in District Court on January 29, 2020.  Liberty made its election of responsibility pursuant to Texas Insurance Code section 542A.006(a) on February 24, 2020.  The Court subsequently dismissed the suit with prejudice as to Amy Clark Knighton – the non-diverse the individual Defendant – on March 3 2020.

12.    Therefore, Liberty filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b)(3).

13.    Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

14.    Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

15.    Pursuant to 28 U.S.C. §1446(d), promptly after Liberty files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse parties.

16.    Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 408th Judicial District for Bexar County, Texas, promptly after Liberty files this Notice.

WHEREFORE, Liberty Mutual Insurance Company requests that this action be removed from the 408th District Court of Bexar County, Texas to the United States District Court for the

---

[14] *See* Exhibit A, Motion to Dismiss with Prejudice and Order.

Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____

David R. Stephens
State Bar No. 19146100
Katarzyna "Kasia" Daniec
State Bar No. 24074109
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
kdaniec@lstlaw.com

*Counsel for Defendant Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **3**rd day of **March 2020**, addressed to those who do not receive notice from the Clerk of the Court.

Ryan Fowler, Esq.
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

_____
Kasia Daniec

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KENNETH MARSHALL AND** | § | |
| **KATHERINE MARSHALL** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **Civil Action No.** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY AND AMY** | § | |
| **CLARK KNIGHTON** | § | |
| **Defendants** | § | |

---

## INDEX OF MATTERS BEING FILED

---

Liberty Mutual Insurance Company's Notice of Removal.

Exhibit A:   Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

Exhibit B:   A list of counsel of record.

# Exhibit  A



# County Clerk & District Clerk
## Court Records Search

---

# Case #2020CI00541

**Name**: KENNETH MARSHALL

**Date Filed** : 1/9/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 408

**Docket Type** : OTHER CIVIL CASES

**Business Name** : 2020CI00541

**Style** : KENNETH MARSHALL ET AL

**Style (2)** : vs LIBERTY MUTUAL INSURANCE COMPANY ET AL

---

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
|---|---|---|
| T00008 | 2/26/2020 | NON-JURY<br>SETTING ON MOTION TO DISMISS<br>*DROPPED @2PM**<br>COURT: 109 TRIAL DATE & TIME: 3/3/2020 8:30AM |
| P00009 | 2/26/2020 | MOTION TO DISMISS<br>WITH PREJUDICE |
| P00007 | 2/21/2020 | ORIGINAL ANSWER OF<br>AMY CLARK KNIGHTON AND REQUEST FOR DISCL<br>OSURE |
| P00006 | 2/21/2020 | ORIGINAL ANSWER OF<br>LIBERTY MUTUAL INSURANCE COMPANY AND REQ<br>UEST FOR DISCLOSURE |
| P00005 | 1/22/2020 | LETTER TO DISTRICT CLERK<br>COVER LETTER TO PAY FOR POSTAGE |
| S00002 | 1/13/2020 | CITATION<br>AMY CLARK KNIGHTON<br>ISSUED: 1/13/2020 RECEIVED: 1/28/2020<br>EXECUTED: 2/7/2020 RETURNED: 2/11/2020 |
| S00001 | 1/13/2020 | CITATION<br>LIBERTY MUTUAL INSURANCE COMPANY<br>ISSUED: 1/13/2020 RECEIVED: 1/28/2020<br>EXECUTED: 1/29/2020 RETURNED: 2/4/2020 |
| P00004 | 1/10/2020 | REQUEST FOR SERVICE AND PROCESS<br>COPY FEE PAID |
| P00003 | 1/9/2020 | SERVICE ASSIGNED TO CLERK 1 |
| P00002 | 1/9/2020 | JURY FEE PAID |
| P00001 | 1/9/2020 | PETITION<br>WITH JURY DEMAND |



**Notice of Service of Process**

NJP / ALL
**Transmittal Number: 21043145**
**Date Processed: 01/30/2020**

| | |
|---|---|
| **Primary Contact:** | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |

| | |
|---|---|
| **Entity:** | Liberty Mutual Insurance Company<br>Entity ID Number  1765547 |
| **Entity Served:** | Liberty Mutual Insurance Company |
| **Title of Action:** | Kenneth Marshall vs. Liberty Mutual Insurance Company |
| **Matter Name/ID:** | Kenneth Marshall vs. Liberty Mutual Insurance Company (9624755) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Bexar County District Court, TX |
| **Case/Reference No:** | 2020CI00541 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/29/2020 |
| **Answer or Appearance Due:** | by 10:00 a.m. on the Monday next following the expiration of twenty days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | J. Ryan Fowler<br>713-626-8880 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

1-29-2020

PRIVATE PROCESS

Case Number: 2020-CI-00541

2020CI00541 S00001

**KENNETH MARSHALL ET AL**
**VS.**
**LIBERTY MUTUAL INSURANCE COMPANY ET AL**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   LIBERTY MUTUAL INSURANCE COMPANY


BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE


"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk  who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were  served this CITATION and ORIGINAL PETITION AND REQUEST FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUEST FOR DISCLOSURE  was filed on the 9th day of January, 2020.


ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF JANUARY A.D., 2020.

J RYAN FOWLER
ATTORNEY FOR PLAINTIFF
515 POST OAK BLVD 750
HOUSTON, TX 77027-9482



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

---

KENNETH MARSHALL ET AL
VS
LIBERTY MUTUAL INSURANCE COMPANY ET AL

**Officer's Return**

Case Number: 2020-CI-00541
Court: 408th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUEST FOR DISCLOSURE   the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M.  at:_____  or  (  )  not  executed  because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

FILED
1/9/2020 2:53 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

**2 CITS PPS WJD  SAC 1**

CAUSE NO.____**2020CI00541**____

| | | |
|---|---|---|
| KENNETH MARSHALL AND | § | IN THE DISTRICT COURT OF |
| KATHERINE MARSHALL, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | BEXAR COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY AND AMY CLARK | § | |
| KNIGHTON, | § | **408TH**  JUDICIAL DISTRICT |
|     Defendants. | | |

## PLAINTIFFS' ORIGINAL PETITION
## AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE:**

COME NOW, Kenneth and Katherine Marshall ("Plaintiffs"), and file *Plaintiffs' Original Petition and Request for Disclosure*, complaining of Liberty Mutual Insurance Company ("Liberty") and Amy Clark Knighton ("Knighton") (at times herein referenced collectively as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1.   Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case stems from an insurance dispute arising out of a severe hail/windstorm which severely damaged Plaintiffs' home in San Antonio, Texas on or about April 13, 2019. This case involves complex issues stemming from violations of the Texas Insurance Code and the insurance policy. The parties will be involved in detailed discovery concerning claims handling practices, denial and payment of claims, including Plaintiffs' claim, and the systematic approach by Liberty and its adjusters in handling these types of property claims.

1

## PARTIES

2.      Plaintiffs **Kenneth and Katherine Marshall** are individuals residing in Bexar County, Texas.

3.      Defendant **Liberty Mutual Insurance Co.** is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service of process, Corporation Service, 211 East 7th Street Suite 620, Austin, Texas 78701-3218.

4.      Defendant **Amy Clark Knighton** is an individual residing in and domiciled in the State of Texas. At all times material to the allegations in this Petition, Defendant Amy Clark Knighton has does business in Texas as an insurance adjuster. This Defendant may be served with personal process by a process server at her place of business at 7718 Royan Houston, Texas77071.

## JURISDICTION

5.      The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $200,000 but not more than $500,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant Liberty Mutual Insurance Company because this Defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant Amy Clark Knighton because this Defendant is an agent of Liberty's and engages in the business of adjusting insurance claims in the State of

2

Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8.    Venue is proper in Bexar County, Texas, because the insured property is located in San Antonio which is in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

## FACTS

9.    Plaintiffs are the owners of a Homeowner's Insurance Policy (the "Policy"), issued by Liberty to insure their property located at 2 Darby Glen San Antonio, Texas 78257 ("the Property").

10.    Plaintiffs' Property and home sustained significant wind/hail damage and water intrusion as a result of a catastrophic wind/hail storm that occurred in San Antonio and the surrounding area on April 13, 2019. Specifically, the strong winds and large hail, in some places measuring three (3) inches, severely damaged Plaintiffs' metal roof. The damaged roof, in turn, allowed rain to pentrate the interior of Plaintiffs' home damageing insulation in the attic, wetting and spotting ceilings in the dinning room and office areas, and damaging other contents and personal effects. Hail also damaged windows, and the patio and patio furniture.

11.    Plaintiffs quickly notified Liberty of the damage and made a claim ("the Claim") against their Policy the same day of the loss. Liberty assigned Knighton as the individual adjuster and she conducted an inspection of Plaintiffs' damages on April 22, 2019. Liberty notified Plaintiffs of the results of Knighton's inspection in which she had concluded that the damages fell below the Policy's $8,146.00 deductible. Plaintiffs did not receive any payment for their Claim.

12.    Disappointed with these results, Plaintiffs complained to Liberty that Knighton had failed to account for all the damages their residence had sustained.

3

13.     Liberty failed to properly and adequately supervise and train Knighton and further failed to oversee her inspection. The inadequacy of Liberty's and Knighton's substandard inspection is evidenced by the fact that covered damages and necessary repairs were omitted from the inspection estimate, and the areas and damages that were included were grossly undervalued. Following Knighton's inspection, Liberty failed to thoroughly review Knighton's estimate and ultimately approved an improper adjustment and an inadequate, unfair settlement of Plaintiffs' Claim.

14.     Deciding that they needed help to get a proper assessment of their damages, they hired a public adjuster ("PA"). The PA inspected Plaintiffs' Property and concluded that the severity of the hail had caused roof damage which required a new metal roof costing approximately $70,000 which greatly exceeded Knighton's estimate for repair of the roof damage in the amount of $405.88.

15.     Plaintiffs' Policy with Liberty covered the damages to Plaintiffs' Property; therefore, Plaintiffs were and are entitled to receive all Policy benefits. Furthermore, the Policy provided that Liberty would pay the RCV to repair and/or replace the damages caused by the wind/hailstorm, which were covered perils in the Policy. However, the substandard investigation by Knighton as reflected in her inaccurate estimate, did not even meet the minimum standards of performance pursuant to industry standards in Sections 21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise. *See* TEX. ADMIN. CODE §§21.203, 21.205.

16.     It is clear from these facts, that Liberty and Knighton set out to deny and/or underpay properly covered damages. Liberty failed to provide full coverage for the damages sustained by Plaintiffs and under-scoped and undervalued the damages that were allowed, thus denying any payment to Plaintiffs. To date, Plaintiffs have yet to receive full payment under the Policy which has caused a delay in Plaintiffs' ability to fully repair their home and replace their lost personal

4

property. Moreover, additional damages have occurred from the lack of repair. At this point, Plaintiffs were left with little choice but to retain the services of the law firm whose signatures appear below.

17.    Following the receipt of Plaintiffs counsel's notice of representation, Liberty intended to reinspect the Property but Plaintiffs, to date, despites several attempts to reach Liberty, have not been successful in affirming a date with Liberty for the reinspection.

18.    Plaintiffs' allege that together, Defendants Liberty and Knighton, set out to deny and underpay Plaintiffs' Claim. Liberty failed to properly train, adequately supervise, and oversee Knighton's handling of Plaintiffs' Claim. As a result, Knighton failed to perform a thorough and reasonable investigation of Plaintiffs' Claim. Specifically, she failed to sufficiently inspect and document all damaged areas of Plaintiffs' home and other property and contents, which resulted in improperly estimating the damages and repairs needed. The estimate by Knighton is grossly deficient in scope and accordingly, Plaintiffs' Claim was underestimated.

19.    Compounding Liberty's failure to adequately train and supervise its adjusters, as noted above, Liberty failed to adequately review its adjusters' estimates of Plaintiffs' damages as well. Rather, Liberty just blindly adopted and accepted the substandard inspection and estimate without question. In this regard, Liberty intentionally chose and adopted a business model that provided for retaining few, if any, qualified adjusters and employees or retaining any qualified outside adjusters to perform Liberty's non-delegable duties of investigating claims in accordance with applicable Texas law. Further, it is equally as clear, that Liberty either had no procedures or had inadequate procedures to monitor or regularly audit the work product of its adjusters and claims personnel.

20.    By wrongfully denying proper payments to Plaintiffs and wholly failing to properly handle

5

Plaintiffs' Claim, Liberty breached the duty of good faith and fair dealing owed to Plaintiffs as an insured in an insurance contract with Liberty. "Good faith and fair dealing" is defined as the degree and diligence which a man of ordinary care and prudence would exercise in the management of one's own business. *Arnold v. Nat'l Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). The concept of good faith and fair dealing is based in large part on the parties' special relationship formed from the parties' "unequal bargaining power." Insurers, like Liberty, have the ability to more easily take advantage of policyholders, like Plaintiffs, due to an insurer's exclusive control over the evaluation, processing, and denial of claims. This unlevel playing field between an insurer and its policyholders further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their policyholders which Liberty breached in failing to deal fairly and in good faith with Plaintiffs.

21.    Liberty's conduct was not only a breach of its common law duty to deal fairly and in good faith with Plaintiffs based on this "special relationship" between the parties, but also constitutes a breach of the insurance contract between Liberty and Plaintiffs. Over a century ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss v. Nat'l City Bank,* 200 F. 287, 293 (S.D.N.Y. 1911). The insurance Policy in effect between Plaintiffs and Liberty is a contract wherein the insurance company, Liberty, offers to provide insurance coverage and services associated therewith in exchange for the policyholder's payment of annual premiums in consideration of the contract. Texas law recognizes a cause of action for breach of contact. Pursuant to Texas law, either party to the contract can initiate legal action against the other party for violations of that contract that causes damages. A breach of contract claim is distinct and independent from a tort claim such as a breach of the duty of good

6

faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate and independent, yet they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy.

22.     Liberty's conduct also constitutes the commission of a tort for its violation of the Texas Insurance Code. Here, in Texas, the vast majority of insurance policies, including Liberty's Policy contract with Plaintiffs, do not contain provisions to account for an insurance company's and/or its representatives' (potentially improper) tort acts or omissions undertaken through their handling of a claim. It cannot be denied that such conduct has a detrimental effect on policyholders, like Plaintiffs here, when a claim is unnecessarily drawn out and then ends with a poor result. To account for such tort acts and omissions that fall outside the four-corners of the contract language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers and regulate insurance professionals, like Liberty. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in the State of Texas must follow. Those duties and obligations are wholly independent of those to which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that, "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements that anyone conducting the business of insurance in the State of Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiffs' Policy with Liberty which gives rise to a breach of contract claim, are silent as to

these statutory provisions which give rise to a tort claim. These two bodies of law (contract and tort) are entirely independent areas of the law with independent issues, and with unique causes of action and damages.

23.     Liberty has committed a tort when it violated the Texas Insurance Code by misrepresenting to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Liberty committed a tort when it violated the Texas Insurance Code by initially undervaluing and under-scoping the damages Plaintiffs incurred. Liberty's misrepresentations caused Plaintiffs to suffer "actual damages" which, under the Insurance Code, are those recoverable at common law and which include benefit-of-the-bargain damages, commonly referred to as "policy benefits," which signify the difference of the value represented and the value received. Liberty's conduct as described above and herein, constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(1).

24.     Policyholders, like Plaintiffs, can recover actual damages which are the "policy benefits" for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and for commission of other bad faith claims. Plaintiffs, therefore, are entitled to recover policy benefits which are the actual damages for Liberty's violation of this section of the Texas Insurance Code. *Id.*

25.     Liberty also failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Liberty's conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Liberty's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially, in full, by Liberty, but were not.

8

Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Liberty's violation of this section of the Texas Insurance Code. *Id.*

26.    In addition, Liberty failed to explain adequately to Plaintiffs the reasons for its offer of an inadequate settlement and failed to explain the reason why full payment was not being made. Furthermore, Liberty neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy. Liberty's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Liberty's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially by Liberty, in full. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Liberty's violation of this section of the Texas Insurance Code. *Id.*

27.    Furthermore, Liberty failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Liberty. Liberty's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Liberty's conduct caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid initially by Liberty, in full. Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Liberty's violation of this section of the Texas Insurance Code. *Id.*

28.    Finally, Liberty refused to compensate Plaintiffs under the terms of the Policy, and further failed to conduct a reasonable investigation. Specifically, Liberty performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in an unfair and inequitable evaluation of Plaintiffs' losses on the Property. Liberty's conduct constitutes a violation of Section

9

541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §
541.060(a)(7). Thus, Liberty's conduct caused Plaintiffs to lose Policy benefits to which they were
entitled, and which should have been paid initially, in full, by Liberty. Plaintiffs therefore, are
entitled to recover Policy benefits as actual damages for Liberty's violation of this section of the
Texas Insurance Code. *Id.*

29.    After receiving notice of Plaintiffs' Claim, Liberty failed to meet its obligations under the
Texas Insurance Code regarding timely acknowledging Plaintiffs' Claim, beginning an
investigation of Plaintiffs' Claim, and requesting all information reasonably necessary to
investigate Plaintiffs' Claim within the statutorily mandated time of receiving notice of Plaintiffs'
Claim. Liberty's conduct is a violation of Section 542.055 of the Texas Insurance Code Prompt
Payment Claims Act. *See* TEX. INS. CODE §542.055. Liberty's conduct caused Plaintiffs to suffer
actual damages which constitutes the loss of Policy benefits to which they were entitled, and which
should have been paid by Liberty. Plaintiffs, therefore, are entitled to recover Policy benefits as
actual damages for Liberty's violation of this section of the Texas Insurance Code. *Id.*

30.    Liberty failed to accept or deny Plaintiffs' full and entire Claim within the statutorily
mandated time of receiving all necessary information. Liberty's conduct constitutes a violation of
Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE
§542.056. Liberty's conduct caused Plaintiffs to suffer actual damages which constitutes the loss
of Policy benefits to which they were entitled, and which should have been paid, in full, by Liberty.
Plaintiffs therefore, are entitled to recover Policy benefits as actual damages for Liberty's violation
of this section of the Texas Insurance Code. *Id.*

31.    Liberty failed to meet its obligations under the Texas Insurance Code regarding payment
of Plaintiffs' Claim without delay. Specifically, Liberty delayed full payment of Plaintiffs' Claim

10

longer than allowed, and, to date, Plaintiffs have not received full payment of their Claim. Liberty's conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.058. As a result of Liberty's violation of this section of the Texas Insurance Code, Plaintiffs have lost Policy benefits to which they were entitled, and which should have been paid, in full, by Liberty timely. Plaintiffs, therefore, are entitled to recover Policy benefits as their actual damages for Liberty's violation of this section of the Texas Insurance Code. *Id.*

32.     Defendants Liberty and Knighton, misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Liberty and Knighton's conduct constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(1).

33.     Defendants Liberty and Knighton's, failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Liberty and Knighton's, conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(2)(A).

34.     Defendants Liberty and Knighton failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Defendants Liberty and Knighton, failed to offer Plaintiffs adequate compensation, without any explanation of why full payment was not being made. Defendants Liberty and Knighton did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim. Defendants Liberty and Knighton's conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(3).

35.     Defendants Liberty and Knighton failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendants Liberty and Knighton. Defendants Liberty and Knighton's conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(4).

36.     Defendants Liberty and Knighton, refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Liberty and Knighton performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property. Defendants Liberty and Knighton's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(7).

37.     From the time Plaintiffs' Claim was presented to Liberty, the liability of Liberty to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Liberty has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing.

38.     Defendants Liberty and Knighton, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed from Plaintiffs all or part of such material information.

39.     Defendants Liberty and Knighton wrongful acts and omissions, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

40.     Plaintiffs' experience is not an isolated case. The acts and omissions Liberty committed in

12

this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Liberty with regard to handling these types of claims. Liberty's entire process is unfairly designed to reach favorable outcomes for the company at the expense of its policyholders.

### CAUSES OF ACTION:

#### CAUSES OF ACTION AGAINST LIBERTY

41.    Liberty is liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

#### BREACH OF CONTRACT

42.    Liberty's conduct constitutes a breach of the insurance contract made between Liberty and Plaintiffs. Liberty's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Liberty's insurance contract with Plaintiffs.

#### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

43.    Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. *See* TEX. INS. CODE §541.151.

44.    Liberty's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

45.    Liberty's unfair settlement practice, as described above, of failing to attempt in good faith

13

to effectuate a prompt, fair, and equitable settlement of the Claim, even though Liberty's liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

46.    Liberty's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

47.    Liberty's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

48.    Liberty's unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

49.    Liberty's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* TEX. INS. CODE §542.060.

50.    Liberty's delay of the payment of Plaintiffs' claim following its receipt of all items,

14

statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, is a violation of Section 542.058 and constitutes a non-prompt payment of the Claim. *See* TEX. INS. CODE §542.058.

ACTS CONSTITUTING ACTING AS AGENT

51.     As referenced and described above, and with further such conduct throughout this litigation and lawsuit, Knighton is an agent of Liberty based on her acts during the handling of this Claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the insurer. *See* TEX. INS. CODE §4001.051.

52.     Separately, and/or in the alternative, as referenced and described above, Liberty ratified the actions and conduct of Defendant Knighton, including the completion of her duties under the common law and statutory law.

BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

53.     Because an insurer has the ability and more easily can take advantage of the insured due to an insurers' exclusive control over the evaluation, processing and denial of claims, insurance companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith with their insureds."

54.     Liberty's conduct however, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Liberty failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Liberty refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property and to restore it. Thus, from and after the time Plaintiffs' Claim was presented to Liberty, the liability of Liberty to

15

pay the full Claim in accordance with the terms of the Policy was reasonably clear and there was no basis upon which a reasonable insurer would have relied to deny the full payment.

55.     Liberty's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' Claim, and to pay the full proceeds of the Policy, although, at that time, Liberty knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing. Liberty's conduct has caused Plaintiffs to lose Policy benefits to which they were entitled, and which should have been paid, in full, by Liberty.

## CAUSES OF ACTION AGAINST DEFENDANT KNIGHTON
### UNFAIR SETTLEMENT PRACTICES

56.     Liberty assigned Defendant Knighton, to investigate and adjust Plaintiffs' Claim. Defendant Knighton was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. Defendant Knighton failed to properly assess Plaintiffs' damages and the repairs needed which resulted in a grossly deficient scope and underpayment of Plaintiffs' Claim. Knighton also omitted covered damages from her report, including many of Plaintiffs' interior and exterior damages, as well as a majority of Plaintiffs' content damages. In addition to these omissions, the damages that Knighton did include in her estimate were severely underestimated.

57.     It is unclear as to why Liberty and Knighton knowingly misrepresented the scope and details of Plaintiffs' damages, and Liberty's coverage of same. One fact is clear, and that is that Liberty failed to not only properly train its adjusters but in addition, failed to thoroughly review and properly oversee the work of its assigned adjuster Knighton. Nevertheless, Liberty relied on Knighton's estimate and assessments and ultimately approved an improper adjustment and an

inadequate, unfair settlement of Plaintiffs' Claim.

58.     Knighton's conduct, upon which Liberty wholly relied, constitutes multiple violations of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. *See* TEX. INS. CODE §541.151.

59.     Knighton is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Liberty, because she is a "person" as defined by Section 541.002(2) of the Texas Insurance Code. *See* TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." *See* TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

60.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using the nature of the Property to manipulate Plaintiffs' ability to attain the Policy limits, despite accepted payments for the coverage afforded by a homeowner's policy; (4) failing to provide an adequate explanation for the lack of compensation for the Claim; and (5) using incorrect ACV value instead of RCV as called for in

the Policy. Knighton's unfair settlement practices, as described above and by the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

61.     Knighton's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

62.     Knighton failed to explain to Plaintiffs the reasons for the offer of an inadequate settlement. Knighton did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim. The unfair settlement practices of Knighton as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

63. ·    Knighton's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE

18

§541.060(a)(4).

64.     Knighton did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, as well as content damages, although all damages were reported by Plaintiffs to Knighton. Thus, Knighton conducted an outcome-oriented investigation of Plaintiffs' claim which investigation was unreasonable and is a violation of Section 541.060(a)(7) which constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

## KNOWLEDGE

65.     Each of the acts described above and herein, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

66.     Plaintiffs will show that all the acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

67.     As previously mentioned, the damages caused by the wind/hailstorm have not all been properly addressed or repaired in the months since, causing further damages to the Property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants Liberty and Knighton's mishandling of Plaintiffs' Claim in violation of the laws set forth above.

68.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, for their purchase of the Policy and which is the amount of their Claim, together with attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred and/or Liberty has waived the same.

69.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages under Section 541.152 of the Texas Insurance Code. *See* TEX. INS. CODE §541.152.

70.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiffs are entitled to simple interest on the amount of their claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. *See* TEX. INS. CODE §542.060.

71.     For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

72.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

73.     Plaintiffs request a jury trial of all their causes of action alleged herein with a jury consisting of citizens residing in Bexar County, Texas and Plaintiffs are paying the appropriate jury fee with the filing of this petition.

## REQUEST FOR DISCLOSURE

74.     Pursuant to Rule 194, Defendants are requested to disclose, within fifty (50) days of service of this request, the information or material requested in Rule 194.2(a)-(l).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**Merlin Law Group, P.A.**

BY: */s/ J. Ryan Fowler, Esq.*
        J. Ryan Fowler Esq.
        State Bar No. 24058357
        Rene M. Sigman, Esq.
        State Bar No. 24037492
        rmsdocket@merlinlawgroup.com
        515 Post Oak Blvd, Suite 510
        Houston, Texas 77027
        (713) 626-8880 (Office)
        (713) 626-8881 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

FILED
2/21/2020 5:59 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:20-cv-00262-OLG    Document 1    Filed 03/03/20    Page 34 of 46

## CAUSE NO. 2020-CI-00541

| | | |
|---|---|---|
| KENNETH MARSHALL AND | § | IN THE DISTRICT COURT OF |
| KATHERINE MARSHALL | § | |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY AND | § | |
| AMY CLARK KNIGHTON | § | 408TH JUDICIAL DISTRICT |

## DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

NOW COMES Defendant Liberty Mutual Insurance Company and files its Original Answer, and would respectfully show as follows:

### I.    GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.    RESERVATION OF APPRAISAL RIGHT

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III.    REQUESTS FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Plaintiff is requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l).  Plaintiff shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

### IV.    193.7 NOTICE

Pursuant to the Texas Rule of Civil Procedure 193.7, Plaintiff is hereby notified that the

1

production of any document in response to written discovery authenticates that document for use against that party in any pretrial proceeding or at trial.

## V.    SPECIAL EXCEPTIONS

Defendant specially excepts to Plaintiff's Original Petition because Plaintiff has committed misnomer by naming Liberty Mutual Insurance Company as a Defendant in this matter.

## VI.    CONCLUSION

WHEREFORE Defendant Liberty Mutual Insurance Company respectfully prays for a judgment that Plaintiff takes nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Katarzyna "Kasia" Daniec
State Bar No. 24074109
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
kdaniec@lstlaw.com

*Counsel for Defendant Liberty Mutual Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Defendant Liberty Insurance Corporation's Original Answer and Request for Disclosure was served by electronic service on the **21st** day of **February, 2020,** upon the following counsel of record:

Ryan Fowler
MERLIN LAW GROUP
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
Tel: 713-626-8880
Fax: 713-626-8881
jrfowler@MerlinLawGroup.com

_____
Kasia Daniec

FILED
2/21/2020 6:09 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Luis Herrera

Case 5:20-cv-00262-OLG    Document 1    Filed 03/03/20    Page 37 of 46

CAUSE NO. 2020-CI-00541

| | | |
|---|---|---|
| KENNETH MARSHALL AND | § | IN THE DISTRICT COURT OF |
| KATHERINE MARSHALL | § | |
| | § | |
| VS. | § | BEXAR COUNTY, TEXAS |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY AND | § | |
| AMY CLARK KNIGHTON | § | 408TH JUDICIAL DISTRICT |

## DEFENDANT AMY CLARK KNIGHTON'S
## ORIGINAL ANSWER AND REQUEST FOR DISCLOSURE

NOW COMES Defendant Amy Clark Knighton and files her Original Answer, and would respectfully show as follows:

### I.    GENERAL DENIAL

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

### II.    RESERVATION OF APPRAISAL RIGHT

Defendant reserves the right to invoke the policy's appraisal provision to resolve issues regarding the amount of loss.

### III.    REQUESTS FOR DISCLOSURE

Pursuant to Texas Rules of Civil Procedure, Plaintiff is requested to disclose and serve, within thirty (30) days of service of the Request, the information or material described in Rule 194.2(a) - (l).  Plaintiff shall supplement all disclosures pursuant to TEX. R. CIV. P. 193.5.

### IV.    193.7 NOTICE

Pursuant to the Texas Rule of Civil Procedure 193.7, Plaintiff is hereby notified that the

production of any document in response to written discovery authenticates that document for use against that party in any pretrial proceeding or at trial.

## VI.    CONCLUSION

WHEREFORE Defendant Amy Clark Knighton respectfully prays for a judgment that Plaintiff takes nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
David R. Stephens
State Bar No. 19146100
Katarzyna "Kasia" Daniec
State Bar No. 24074109
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
kdaniec@lstlaw.com

*Counsel for Defendant Amy Clark Knighton
and Liberty Mutual Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant Amy Clark Knighton's Original Answer and Request for Disclosure was served by electronic service on the **21st** day of **February, 2020,** upon the following counsel of record:

Ryan Fowler
MERLIN LAW GROUP
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
jrfowler@MerlinLawGroup.com

Kasia Daniec

FILED
2/26/2020 1:00 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Vanessa Williams

Case 5:20-cv-00262-OLG    Document 1    Filed 03/03/20    Page 40 of 46

CAUSE NO. 2020CI00541

| | | |
|---|---|---|
| KENNETH MARSHALL AND | § | IN THE DISTRICT COURT |
| KATHERINE MARSHALL | § | |
| | § | |
| VS | § | 408TH UDICIAL DISTRICT |
| | § | |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY AND | § | |
| AMY CLARK KNIGHTON | § | BEXAR COUNTY, TEXAS |

## MOTION TO DISMISS WITH PREJUDICE

Defendant Amy Clark Knighton files her Motion to Dismiss with Prejudice and will show the Court as follows:

On February 24, 2020, pursuant to Texas Insurance Code section 542A.006(a), Liberty Mutual Company served Plaintiffs' counsel with correspondence electing to accept whatever liability Amy Clark Knighton might have to Plaintiffs for their acts or omissions related to the insurance claim made the basis of this lawsuit. See Exhibit A. As a result, Plaintiffs' causes of action against Amy Clark Knightton must be dismissed pursuant to Texas Insurance Code section 542A.006(c) which provides as follows:

(c)    If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.

Based on the foregoing, Daniel (Dan) Peebles is entitled to dismissal with prejudice of all Plaintiff's claims against him.

WHEREFORE, Defendant Amy Clark Knighton respectfully requests that his Motion to Dismiss be granted with prejudice and for all other such relief, in law or in equity, to which he may be entitled.

Respectfully submitted,

LINDOW STEPHENS TREAT LLP

By:  _____

David R. Stephens
State Bar No. 19146100
Katarzyna "Kasia" Daniec
State Bar No. 24074109
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)
dstephens@lstlaw.com
kdaniec@lstlaw.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Dismiss was served by facsimile and/or electronic service on the **26th** day of **February, 2020** upon the following counsel of record:

Ryan Fowler
MERLIN LAW GROUP
515 Post Oak Blvd., Suite 510
Houston, Texas 77027

_____

David R. Stephens
Kasia Daniec

2

# EXHIBIT A

# LINDOW ▪ STEPHENS ▪ TREAT LLP

### ATTORNEYS

TELEPHONE: (210) 227-2200　　　　ONE RIVERWALK PLACE　　　　KDANIEC@LSTLAW.COM
FACSIMILE:  (210) 227-4602　　　700 N ST. MARY'S STREET, SUITE 1700
　　　　　　　　　　　　　　　SAN ANTONIO, TEXAS 78205

February 24, 2020

*Via electronic mail*
Ryan Fowler
MERLIN LAW GROUP, P.A.
515 Post Oak Blvd., Suite 510
Houston, Texas 77027
jrfowler@MerlinLawGroup.com

      Re:     Cause No. 2020CI00541; *Kenneth Marshall and Katherine Marshall vs. Liberty Mutual Insurance Company and Amy Clark Knighton*; In the 408th Judicial District Court, Bexar County, Texas.

Dear Mr. Fowler:

     This letter serves to confirm what we discussed. Specifically, pursuant to Texas Insurance Code Section 542A.006, Defendant Safeco Insurance Company of Indiana hereby elects to accept whatever liability Amy Clark Knighton might have to claimants for Ms. Knighton's acts or omissions related to the claim.

                  Very truly yours,

                  Kasia Daniec

# Exhibit  B

**CAUSE NO. 2020-CI-00541**

| | | |
|---|---|---|
| KENNETH MARSHALL AND<br>KATHERINE MARSHALL | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | BEXAR COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE<br>COMPANY AND<br>AMY CLARK KNIGHTON | §<br>§<br>§ | 408TH JUDICIAL DISTRICT |

<u>**UNOPPOSED ORDER OF DISMISSAL WITH PREJUDICE**</u>

The Court having reviewed Defendant Amy Clark Knighton's Motion to Dismiss pursuant to Texas Insurance Code Section 542A.00 (c) and considered the evidence and argument of counsel finds that the Motion should be GRANTED.

It is therefore ORDERED that all claims brought by Kenneth Marshall and Katherine Marshall against Defendant Amy Clark Knighton, are HEREBY dismissed with prejudice.

Costs of court are taxed against the party incurring same and all relief not granted herein is denied.

This dismissal order disposes of all claims and causes of action asserted against Defendant Amy Clark Knighton and is a final judgment.

SIGNED this ___3RD___ day of ___March___, 2020.

_____
JUDGE PRESIDING

**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **KENNETH MARSHALL AND** | § | |
| **KATHERINE MARSHALL** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **V.** | § | **Civil Action No.** |
| | § | |
| **LIBERTY MUTUAL INSURANCE** | § | |
| **COMPANY AND AMY** | § | |
| **CLARK KNIGHTON** | § | |
| **Defendants** | § | |

---

### LIST OF ALL COUNSEL OF RECORD

---

Party                                    Attorney(s)

Plaintiffs:
Kenneth Marshall                         Ryan Fowler, Esq.
Katherine Marshall                       MERLIN LAW GROUP, P.A.
                                         515 Post Oak Blvd., Suite 510
                                         Houston, Texas 77027
                                         Tel: 713-626-8880
                                         Fax: 713-626-8881
                                         jrfowler@MerlinLawGroup.com


Defendant:
Liberty Mutual Insurance Company         David R. Stephens
                                         State Bar No. 19146100
                                         Katarzyna "Kasia" Daniec
                                         State Bar No. 24074109
                                         LINDOW STEPHENS TREAT LLP
                                         One Riverwalk Place
                                         700 N. St. Mary's Street, Suite 1700
                                         San Antonio, Texas 78205
                                         Telephone: 210.227.2200
                                         Facsimile: 210.227.4602
                                         dstephens@lstlaw.com
                                         cholloway@lstlaw.com